IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **G & G Closed Circuit Events, LLC,** : | |
| : | **Case No. 1:25-cv-13837** |
| **Plaintiff** : | |
| : | |
| **v.** : | |
| : | |
| **Dubai Night Club LLC dba Dubai** : | |
| **Night Club; Andy S. Laboy** : | |
| : | **COMPLAINT** |
| **Defendants** : | |

Plaintiff, G & G Closed Circuit Events, LLC, by way of Complaint against Defendants, Dubai Night Club LLC dba Dubai Night Club and Andy S. Laboy, says:

## I.  JURISDICTION

1. Jurisdiction is founded on the existence of a question arising under particular federal statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. § 605, *et seq.*, and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, title 47 U.S.C. § 553, *et seq.*

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, which states that the District Court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. This Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

1

3. This Court has personal jurisdiction over the parties in this action as a result of Defendants' wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight *Program* hereinafter set forth at length. The Defendants' wrongful acts consisted of the interception, reception, publication, divulgence, display, and exhibition of said property of Plaintiff within the control of the Plaintiff in the State of New Jersey constituting an unfair business practice in violation of the law, including specific New Jersey state statutes, more particularly set forth below.

## II.   VENUE

4. Pursuant to Title 47 U.S.C. § 605 and 47 U.S.C. § 553, venue is proper in the District of New Jersey because a substantial part of the events or omissions giving rise to the claim occurred in this District and/or because, *inter alia*, all Defendants' reside within the State of New Jersey. *See* 28 U.S.C. § 1391(b) and 28 U.S.C. § 84(c)(2).

## III.   THE PARTIES

5. Plaintiff, G & G Closed Circuit Events, LLC, is, and at all relevant times mentioned was, a California corporation with its principal place of business located at 2925 Green Valley Parkway, Suite D, Henderson, Nevada 89014.

6. At all times relevant hereto, Defendant Dubai Night Club LLC dba Dubai Night Club was a domestic limited liability company organized and existing under the laws of the State of New Jersey with Business Entity ID Number 0450832937.

7. Plaintiff is informed and believes, and alleges thereon, that, at all times relevant hereto, Defendants Dubai Night Club LLC dba Dubai Night Club and Andy S. Laboy, were the owners, and/or operators, and/or licensees, and/or permittees, and/or persons in charge, and/or entity with dominion, control, oversight and management of the commercial establishment doing business as Dubai Night Club LLC dba Dubai Night Club, operating at 2514 Federal Street, Camden, NJ 08105.

8. Plaintiff is informed and believes, and alleges thereon, that at all times relevant hereto, Defendant Andy S. Laboy was the Officer/Director/Manager/Member/Managing Member/General Partner of Dubai Night Club LLC dba Dubai Night Club and that Andy S. Laboy was the owner of Dubai Night Club LLC dba Dubai Night Club.

9. Plaintiff is informed and believes, and alleges thereon, that at all times relevant hereto, Defendant Andy S. Laboy was the Registered Agent for Dubai Night Club LLC dba Dubai Night Club.

10. Plaintiff is informed and believes, and alleges thereon, that at all times relevant hereto, Defendant Andy S. Laboy was identified by the State of New Jersey as the Registered Agent and owner of the commercial establishment Dubai Night Club LLC dba Dubai Night Club, operating at 2514 Federal Street, Camden, NJ 08105.

11. Plaintiff is informed and believes, and alleges thereon, that on July 29, 2023 (the night of the *Program* at issue herein, as more specifically defined in

paragraph 19), Defendant Andy S. Laboy as the Registered Agent and owner had the right and ability to supervise the activities of Dubai Night Club LLC dba Dubai Night Club, which included the unlawful interception, receipt, and publication of Plaintiff's *Program.*

12. Plaintiff is informed and believes, and alleges thereon that on July 29, 2023 (the night of the *Program* at issue herein, as more specifically defined in paragraph 19), Defendant Andy S. Laboy, as an individual specifically identified by the State of New Jersey as the Registered Agent and owner of the commercial establishment Dubai Night Club LLC dba Dubai Night Club, and as the Registered Agent and owner that owned and operated Dubai Night Club LLC dba Dubai Night Club, had the obligation to supervise the activities of Dubai Night Club LLC dba Dubai Night Club, which included the unlawful interception, receipt and publication of Plaintiff's *Program,* and, among other responsibilities, had the obligation to ensure that the business licenses were not used in violation of law.

13. Plaintiff is informed and believes, and alleges thereon that on July 29, 2023 (the night of the *Program* at issue herein, as more specifically defined in paragraph 19), Defendant Andy S. Laboy specifically directed the employees of Dubai Night Club LLC dba Dubai Night Club to unlawfully intercept, receive and broadcast Plaintiff's *Program* at Dubai Night Club LLC dba Dubai Night Club or that the actions of the employees of Dubai Night Club LLC dba Dubai Night Club are directly imputable to Defendant Andy S. Laboy, virtue of his acknowledged responsibility for the actions of Dubai Night Club LLC dba Dubai Night Club and/or

his position as the Registered Agent and owner of Dubai Night Club LLC dba Dubai Night Club.

14. Plaintiff is informed and believes, and alleges thereon that on July 29, 2023, Defendant Andy S. Laboy, as an individual specifically identified by the State of New Jersey as the Registered Agent and owner of the commercial establishment Dubai Night Club LLC dba Dubai Night Club and as its Registered Agent and owner, had an obvious and direct financial interest in the activities of Dubai Night Club LLC dba Dubai Night Club, which included the unlawful interception, receipt and publication of Plaintiff's *Program*.

15. Plaintiff is informed and believes, and alleges thereon, that the unlawful broadcast of Plaintiff's *Program*, was supervised and/or authorized by Defendant Andy S. Laboy, either personally or through instruction to the employees of Dubai Night Club LLC dba Dubai Night Club, and that the broadcast of the *Program* resulted in income for Dubai Night Club LLC dba Dubai Night Club and Andy S. Laboy.

16. Plaintiff is informed and believes, and alleges thereon that on July 29, 2023 (the night of the *Program* at issue herein, as more specifically defined in paragraph 19), Defendant Andy S. Laboy specifically directed or permitted the employees of Dubai Night Club LLC dba Dubai Night Club to unlawfully intercept and broadcast Plaintiff's *Program* at Dubai Night Club LLC dba Dubai Night Club, or intentionally intercepted, and/or published the *Program* at Dubai Night Club LLC dba Dubai Night Club themselves. The actions of the employees of Dubai Night Club

LLC dba Dubai Night Club are directly imputable to Defendant Andy S. Laboy by virtue of his acknowledged responsibility for the operation of Dubai Night Club LLC dba Dubai Night Club.

17. Plaintiff is informed and believes, and alleges thereon, that the unlawful broadcast of Plaintiff's *Program*, as supervised and/or authorized by Defendant Andy S. Laboy, resulted in increased profits for Dubai Night Club LLC dba Dubai Night Club and Andy S. Laboy.

18. Plaintiff is informed and believes, and alleges thereon that on July 29, 2023 (the night of the *Program* at issue herein, as more specifically defined in paragraph 19), Defendant Andy S. Laboy, as the Registered Agent and owner of Dubai Night Club LLC dba Dubai Night Club was a moving and active conscious force behind the operation, advertising, and promotion of Dubai Night Club LLC dba Dubai Night Club, and had the obligation to supervise the activities of Dubai Night Club LLC dba Dubai Night Club, and are responsible for all activities that occurred therein, which included the unlawful interception and exhibition of Plaintiff's *Program*.

19. Pursuant to contract, Plaintiff G & G Closed Circuit Events, LLC, was granted the exclusive nationwide commercial distribution (closed-circuit) rights to the *Errol Spence Jr. v. Terence Crawford Championship Fight Program,* telecast nationwide on July 29, 2023 (this included all under card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "*Program*").

20. Pursuant to the terms of the contract, Plaintiff G & G Closed Circuit Events, LLC, thereafter sublicensed various commercial entities throughout North America, including entities within the State of New Jersey, by which it granted these entities limited rights to publicly exhibit the *Program* within their respective commercial establishments within the hospitality industry commercial establishments.

21. The *Program* could only be exhibited in a commercial establishment in New Jersey if said establishment was contractually authorized to do so by Plaintiff, G & G Closed Circuit Events, LLC

22. Pursuant to the contract, Plaintiff, G & G Closed Circuit Events, LLC contracted with various commercial establishments throughout New Jersey and granted such establishments the right to broadcast the *Program* in exchange for a fee.

23. As a commercial distributor and licensor of sporting events, including the *Program*, Plaintiff G & G Closed Circuit Events, LLC, expended substantial monies marketing, advertising, promoting, administering, and transmitting the *Program* to its commercial customers.

24. The transmission of the *Program* was electronically coded or "scrambled". In order for the signal to be received and telecast clearly, it had to be decoded with electronic decoding equipment. The *Program* originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal.

25. If a commercial establishment was authorized by Plaintiff, G & G Closed Circuit Events, LLC, to receive the *Program*, the establishment was provided with the electronic decoding equipment and the satellite coordinates necessary to receive the signal, or the establishment's satellite or cable provider would be notified to unscramble the reception of the *Program* for the establishment, depending upon the establishment's equipment and provider.

26. On July 29, 2023 (the night of the *Program* at issue herein, as more specifically defined in paragraph 19), Dubai Night Club LLC dba Dubai Night Club broadcast the *Program* on its televisions (3 in total) located within the establishment, had an estimated capacity of 80 people, and had approximately 2 patrons in the establishment during the broadcast of the *Program*.

## IV.    COUNT I

### (Violation of Title 47 U.S.C. Section 605 - As an Alternative To Count Two)

27. Plaintiff G & G Closed Circuit Events, LLC, hereby incorporates by reference all of the allegations contained in paragraphs 1-26, inclusive, as though set forth herein at length.

28. On July 29, 2023 in violation of Plaintiff, G & G Closed Circuit Events, LLC's rights and federal law, Defendants intercepted and/or received the communication of the *Program* at Dubai Night Club LLC dba Dubai Night Club via satellite technology. Defendants also divulged and published said communication, or assisted in divulging and publishing said communication to patrons within Dubai Night Club LLC dba Dubai Night Club.

8

29. The *Program* was broadcast at Dubai Night Club LLC dba Dubai Night Club without the authorization or approval of Plaintiff.

30. With full knowledge that the *Program* was not to be intercepted, received, published, divulged, displayed, and/or exhibited by commercial entities unauthorized to do so, the above named Defendants, either through direct action or through actions of employees or agents directly imputable to Defendants (as outlined in paragraphs 6-29 above), did unlawfully intercept, receive, publish, divulge, display, and/or exhibit the *Program* at the time of its transmission at their commercial establishment Dubai Night Club LLC dba Dubai Night Club, operating at 2514 Federal Street, Camden, NJ 08105.

31. Said unauthorized interception, reception, publication, exhibition, divulgence, display, and/or exhibition by Defendants was done willfully and for purposes of direct and/or indirect commercial advantage and/or private financial gain, as confirmed by, *inter alia*, the broadcasting of the *Program* on its televisions (3 in total) located within the establishment with approximately 2 patrons present in the establishment.

32. Title 47 U.S.C. § 605(a), and in particular the second through fourth sentences thereof, prohibits the unauthorized interception, receipt, publication and use of radio communications (which include satellite television signals prior to reaching a cable system's wire distribution phase) such as the transmission of the *Program* for which Plaintiff G & G Closed Circuit Events, LLC, had the distribution rights thereto.

33. By reason of the aforesaid mentioned conduct, the aforementioned Defendants violated Title 47 U.S.C. § 605, *et seq*.

34. By reason of the Defendants' violation of Title 47 U.S.C. § 605, *et seq*., Plaintiff G & G Closed Circuit Events, LLC, has a private right of action pursuant to Title 47 U.S.C. § 605.

35. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. § 605, and pursuant to said § 605, Plaintiff G & G Closed Circuit Events, LLC, is entitled to the following from Defendants:

   (a) Statutory damages for each violation in an amount to $10,000.00 pursuant to Title 47 U.S.C. § 605(e)(3)(C)(i)(II); and also

   (b) Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. § 605(e)(3)(C)(ii), and also

   (c) the recovery of full costs, including reasonable attorneys' fees, pursuant to Title 47 U.S.C. § 605(e)(3)(B)(iii).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

### V. COUNT II
### (Violation of Title 47 U.S.C. Section 553 – As an Alternative to Count I)

36. Plaintiff's hereby incorporates by reference all of the allegations contained in paragraphs 1-35, inclusive, as though set forth herein at length.

37. 47 U.S.C. § 553 prohibits the interception or receipt of communications offered over a cable system absent specific authorization.

38. The unauthorized interception and receipt of the *Program* by the above named Defendants was prohibited by Title 47 U.S.C. § 553, *et seq.*

39. By reason of the aforesaid mentioned conduct, the aforementioned Defendants violated Title 47 U.S.C. § 553, *et seq.*

40. By reason of the Defendants' violation of Title 47 U.S.C. § 553, *et seq.*, Plaintiff G & G Closed Circuit Events, LLC, has the private right of action pursuant to Title 47 U.S.C. § 553.

41. As the result of the aforementioned Defendants' violation of Title 47 U.S.C. § 553, Plaintiff G & G Closed Circuit Events, LLC, is entitled to the following from Defendants:

  (a) Statutory damages for each violation in an amount up to $10,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(A)(ii); and also

  (b) Statutory damages for each willful violation in an amount up to $50,000.00 pursuant to Title 47 U.S.C. § 553(c)(3)(B); and also

  (c) the recovery of full costs pursuant to Title 47 U.S.C. § 553 (c)(2)(C); and also

  (d) and in the discretion of this Honorable Court, reasonable attorneys' fees, pursuant to Title 47 U.S.C. § 553(c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## VI. COUNT III

**(Unlawful Interference With Prospective Economic Advantage)**

11

42. Plaintiff's hereby incorporates by reference all allegations contained in paragraphs 1-41, inclusive, as though set forth herein at length.

43. Plaintiff G & G Closed Circuit Events, LLC had a reasonable expectation of economic advantage or benefit resulting from the broadcast of the *Program*.

44. The aforementioned Defendants had knowledge that Plaintiff G & G Closed Circuit Events, LLC had the expectancy of an economic advantage in connection with the broadcast of the *Program*.

45. The aforementioned Defendants wrongfully and without justification interfered with Plaintiff's expectancy of economic advantage and/or benefit deriving from the broadcast of the *Program*.

46. In the absence of the wrongful act of the aforementioned Defendants, it is reasonably probable that the Plaintiff would have realized its economic advantage and/or benefit.

47. The Plaintiff has sustained damages as a result thereof.

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

### VII.    COUNT IV
**(Unlawful Interference With Contractual Relations)**

48. Plaintiff's hereby incorporates by reference all allegations contained in paragraphs 1-47, inclusive, as though set forth herein at length.

49. Plaintiff's reasonable expectation of economic gain through the broadcast of the Program was vested through a contract with the promoter.

50. The aforementioned Defendants, through their act of unlawfully intercepting and broadcasting Plaintiff's Program, intentionally interfered with Plaintiff's contract.

51. The aforementioned Defendants are not parties to Plaintiff's contract.

52. The aforementioned Defendants were without justification in interfering with Plaintiff's contract.

53. The Plaintiff has sustained damages as a result thereof.

**WHEREFORE, Plaintiff prays for judgment, including interest as permitted by law, against all of the above-captioned Defendants, jointly and severally, as set forth below:**

**As to the First Count (as an alternative to the second count):**

1. For statutory damages in the amount of $110,000.00 against the Defendants, and

2. For reasonable attorneys' fees as mandated by statute, and

3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and

4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count (as an alternative to the first count):**

1. For statutory damages in the amount of $60,000.00 against the Defendants, and

2. For reasonable attorneys' fees as may be awarded in the Court's discretion pursuant to statute, and

3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and

4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Third Count:**

1. For compensatory and punitive against Defendants;

2. For all costs of suit;

3. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Fourth Count:**

1. For compensatory and punitive against Defendants;

2. For all costs of suit;

3. For such other and further relief as this Honorable Court may deem just and proper.

## VIII.  CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding, except as follows: none.

PRESSLER, FELT & WARSHAW, LLP

Dated:  July 28, 2025      By:   */s/ Michael J. Peters*
                                  Michael J. Peters, Esq.
                                  7 Entin Road
                                  Parsippany, NJ 07054
                                  Telephone:   (973) 753-5100
                                  Facsimile:   (973) 753-5353
                                  mpeters@pfwattorneys.com
                                  Attorneys for Plaintiff